ORDER
GRITT, JUDGE:
An application of the claimant, Jerry L. Forshey, for an award under the West Virginia Crime Victims Compensation Act, was filed October 29,1997. The report of the Claim Investigator, filed January 20, 1998, recommended that no award be granted. An Order was issued on February 26, 1998, confirming the Investigator's recommendation, in response to which the claimant's request for *413hearing was timely filed March 9, 1998. This matter came on for hearing October 19, 2001, the claimant appearing in person- and by counsel, Michael V. Marlow, and the State of West Virginia by counsel, Joy M. Bolling, Assistant Attorney General.
The 36-year-old claimant was the victim of criminal conduct near Parkersburg, Wood County, on or about October 3, 1997. The claimant and his girlfriend, Dixie Fullen, were living together at the time of this incident at claimant’s residence on Larkwood Road near Parkersburg in Wood County, West Virginia. The offender, Jamie Ricketts, is Dixie Fullen’s son. Mr. Forshey and Dixie Fullen were having a minor disagreement, when the offender Jamie Ricketts arrived at claimant’s residence at approximately 11:50 p.m. Claimant testified that he had asked Jamie Ricketts on more than one occasion not to come to his residence. The claimant and Jamie Ricketts had had previous disagreements. The claimant testified that he had told Mr. Ricketts on prior occasions that he “did not want any trouble with him.”
Once Jamie Ricketts arrived, Mr. Forshey again asked him to leave and stated that he “did not want any trouble with him.” There was an exchange of words, and Jamie Ricketts got loud with Mr. Forshey. Again, Mr. Forshey asked the offender to leave. At this point, all three individuals left the residence and walked to the driveway. The claimant and Dixie Fullen were arguing while standing outside on the driveway, when Jamie Ricketts slipped away and retrieved an aluminum baseball bat from the claimant’s residence without anyone observing what he was doing. He violently attacked Mr. Forshey with the baseball bat, striking his left arm and elbow. Mr. Forshey backed away from the offender, who was still charging at him with the bat. Dixie Fullen then stepped between the offender and the claimant, hoping to prevent her son from striking Mr. Forshey with another blow. However, Jamie Ricketts still swung the baseball bat and struck his mother on the right hip. She fell to the ground and the offender continued his violent attack, striking Mr. Forshey’s left arm several more times with the baseball bat.
The offender got into his vehicle with another female passenger and left the scene. Mr. Forshey was immediately taken to Camden-Clark Memorial Hospital in Parkersburg, where he was treated for a broken arm and a crushed elbow. Upon arrival at the emergency room, Mr. Forshey recalls describing the incident to a Parkersburg city police officer who was stationed at the emergency room to assist and investigate persons injured as the result of criminal conduct. He *414cannot recall all the details of the conversation due to the severe pain he was in at the time. His memory of this discussion with the police officer is further blurred due to the morphine and other pain medications he was given upon arrival at the hospital. According to Mr. Forshey, the officer at the emergency room told him that since the crime took place outside the Parkersburg city limits, the crime would have to be reported to the West Virginia State Police. Mr. Forshey had to undergo surgery on his elbow and spent nearly three days in the hospital. He was informed by his physician that he would need additional surgery and that he may never regain full use of his left elbow. The claimant testified that he has not had the follow-up surgery because he does not have insurance coverage nor the money to pay for it.
In addition to reporting the attack to the Parkersburg city police officer at the emergency room following the incident, Mr. Forshey reported the crime to Senior Trooper R.L. Clark of the West Virginia State Police on October 16, 2001. Jamie Ricketts was charged with malicious assault for the attack upon Mr. Forshey and domestic assault for the attack upon his mother, Dixie Fullen. The offender was arrested and eventually pleaded guilty to the offense of battery for his attack upon Mr. Forshey. He also pleaded guilty to the offense of domestic battery for the attack upon Dixie Fullen.
As a result of the injuries to his left arm and elbow, the claimant could not perform his job duties and missed at least eight weeks of work. He was working for T.B. Dairy Farm and earned $1,050.00 per month. Mr. Forshey’s employer allowed him to remain living in the home on the dairy farm where he worked while he was recovering from his injuries. His employer continued to pay the rent, which was $250.00 per month, and the utilities, which were approximately $200.00 per month. However, during the eight weeks that Mr. Forshey was unable to work, his employer did not pay his wages. Therefore, Mr. Forshey is claiming lost wages in the amount of $8,040.00 as a direct and proximate result of the attack. He also seeks an award for medical bills incurred as a result of this incident. The claimant did not have any insurance coverage at the time of his treatment. His outstanding bills include Camden-Clark Memorial Hospital, $4,718.04; First Settlement Orthopaedics Inc., $1,185.00; and United Anesthesia, Inc., $468.00, for a total of $6,371.04. The claimant testified that he needs future medical treatment in the form of surgery on his elbow. He testified that he is currently unemployed, but has been driving tractor-trailers since being released by his physician, and intends to do so in the future as long as his elbow *415will permit it. However, he has only limited use of his left elbow, and according to his orthopaedic surgeon, unless he has additional surgery, he might never regain full use of it. Therefore, he is also seeking an award for future medical expenses, which he claims are a direct and proximate result of the attack.
This claim was initially denied on the basis that the claimant did not report the crime to a law enforcement officer or agency within seventy-two (72) hours as required by W. Va. Code § 14-2A-14(b). However, after a careful review of the record and evidence adduced at the hearing, the Court finds that the claimant was the innocent victim of criminally injurious conduct, and he has shown “good cause” for not informing law enforcement officials of the crime within seventy-two (72) hours of the incident.
The evidence presented at the hearing demonstrates that the claimant was in the hospital for at least sixty (60) hours following the attack. The evidence also reveals that Mr. Forshey was in an extreme amount of pain and was medicated with narcotic pain medications both in the hospital and for at least two (2) weeks following his release. He testified that during his hospital stay and the following few weeks, he was “out of it” due to the effects of the pain medications. These facts demonstrate that the claimant had “good cause” for not “officially” reporting the incident to a law enforcement agency until October 16, 1997. It is also important to note that Mr. Forshey did inform the Parkersburg city police officer of the crime while at the emergency room, which, given his condition at the time, was the best that he or any reasonable person could have done under the circumstances. Mr. Forshey did report the crime to Senior Trooper R.L. Clark of the West Virginia State Police, on October 16, 1997, which was only thirteen (13) days after the attack and approximately nine (9) days after he was released from the hospital. He fully cooperated with the police, and as a result, the offender was arrested, charged, and convicted. Mr. Forshey’s conduct is consistent with the purpose of the seventy-two (72) hour reporting period requirement, which is to encourage victims to pursue and assist in the prosecution of criminal offenders. It is clear that even if Mr. Forshey did not strictly meet the seventy-two (72) hour reporting requirement when he informed the Parkersburg police officer, he did demonstrate “good cause” for not making a formal report to a law enforcement agency.
In view of the foregoing, the Court is of the opinion to and does hereby make an award in this claim. The claimant sustained a work loss in the amount of $8,400.00. His medical expenses totaled $6,371.04, and he needs future medical *416care as a direct and proximate result of this crime. Therefore, the Court makes an award for lost wages of $8,400.00 and medical expenses to date of $6,371.04, for a total award of $14,771.04. Should the claimant incur additional unreimbursed medical expenses relating to the incident, they may be submitted for review at a later date.
Jerry L. Forshey
Rt. 2, Box 102A
Parkersburg WV 26101
SSN: 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 . $14,771.04